IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| LORD VERSATILE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 3:12CV333–HEH |
| ) | |
| LORETTA KELLY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION
(Dismissing Civil Rights Action)

Lord Versatile, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. BACKGROUND

The Magistrate Judge made the following findings and recommendations:

**Preliminary Review**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations

"On June 9, 2011, Plaintiff's cell was shaken-down." (Compl. (ECF No. 1) ¶ 2.)[2] "Officer R.W. Sprouse confiscated [some] documents[3] as contraband stating they related to the Five Percenters . . . and took personal letters and poetry as well." (*Id.*) "On June 22, 2011, Officer R.W. Sprouse charged Plaintiff with possession of gang-related materials or paraphernalia. Plaintiff requested that documentary evidence be provided at his hearing, in the form of 'the Disapproved Publication List' for the month of June-July 2011." (*Id.* ¶ 3.)

"Plaintiff's hearing for the charge was held on July 19, 2011." (*Id.* ¶ 4.) Hearing Officer W. Brown denied Lord Versatile's request for documentary evidence. (*Id.*) At the hearing, Lord Versatile presented evidence to show that "the various Five-Percent materials that were confiscated from his cell on June 9, 2011, were sent to Plaintiff from the Attorney General's Office via Mr. Richard C. Vorhis." (*Id.* ¶ 5.) Hearing Officer W. Brown acknowledged this fact. (*See id.* ¶ 6.) "Officer Sprouse responded, 'Well, from what I heard, his (Versatile's) lawsuit is over, and he still is not supposed to have them (legal documents) because they relate to the Five Percenters.'" (*Id.*) Thereafter, Hearing Officer W. Brown found Lord Versatile guilty of possession of gang-related materials "and imposed a ten dollar ($10.00) fine." (*Id.*)

Lord Versatile appealed his conviction. (*Id.* ¶ 7.) Neither Warden Kelly nor A.F. Miller responded to Lord Versatile's appeal. (*Id.* ¶ 8.)

## Summary of Claims

Claim 1     (a)    Defendant Sprouse violated Lord Versatile's federal constitutional right to due process[4] when he confiscated Lord Versatile's property and charged

---

[2] The Court corrects the capitalization, spelling, and punctuation in the quotations to Lord Versatile's Complaint. For Lord Versatile's summary of allegations, the Court utilizes the paragraph numbers set forth in the Complaint. For the summary of Lord Versatile's claims, the Court employs the pagination assigned to the Complaint by the Court's CM/ECF docketing system.

[3] An Assistant Attorney General had sent the documents to Lord Versatile. (Compl. ¶ 2.)

[4] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

|  |  | |
|---|---|---|
|  |  | Lord Versatile with possession of gang-related materials. (Compl. 8.)[5] |
|  | (b) | Defendant Sprouse violated Lord Versatile's rights under a variety of Virginia laws by confiscating Lord Versatile's property and charging Lord Versatile with possession of gang-related materials. (*Id.*) |
| Claim 2 | (a) | Defendant Brown violated Lord Versatile's federal constitutional right to due process when she denied Lord Versatile's request for documentary evidence and convicted him of the charge of possession of gang-related materials. (*Id.* at 9.) |
|  | (b) | Defendant Brown violated Lord Versatile rights under a variety of Virginia laws when she denied Lord Versatile's request for documentary evidence and convicted him of the charge of possession of gang-related materials. (*Id.* at 9.) |
| Claim 3 | (a) | Defendants Kelly and Miller violated Lord Versatile's federal constitutional right to due process when they failed to respond to Lord Versatile's appeal from his conviction for possession of gang-related materials. (*Id.* at 10-11.) |
|  | (b) | Defendants Kelly and Miller violated Lord Versatile's rights under a variety of Virginia laws when they failed to respond to Lord Versatile's appeal from his conviction for possession of gang-related materials. (*Id.*) |

**Analysis**

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). The first step in analyzing a procedural due process claim is to identify

---

[5] For Lord Versatile's statement of claims, the Court employs the pagination assigned to the Complaint by the Court's CM/ECF docketing system.

whether the alleged conduct affects a protected interest. *See Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997). Lord Versatile fails to indicate that Defendants' actions resulted in the deprivation of any liberty interest. Rather, Lord Versatile claims Defendants deprived him of property, in the form of a $10.00 fine, "some personal letters and poetry," without due process of law. (Compl. ¶ 2.)

Virginia's provision of adequate post-deprivation remedies forecloses Lord Versatile's due process claim for the deprivation of property. *See Wilson v. Molby*, No. 1:12cv42 (JCC/JFA), 2012 WL 1895793, at *6-7 (E.D. Va. May 23, 2012); *Henderson v. Virginia*, No. 7:07-cv-00266, 2008 WL 204480, at *10 n.7 (W.D. Va. Jan. 23, 2008). Negligent and intentional deprivations of property "do not violate [the Due Process] Clause provided . . . that adequate state post-deprivation remedies are available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (finding due process satisfied by post-deprivation remedy to redress intentional destruction of personal property by prison guard during a shakedown).

Virginia has provided adequate post-deprivation remedies for deprivations caused by state employees. Under the Virginia Tort Claims Act, Virginia has waived sovereign immunity for damages for "negligent [or] wrongful" acts of state employees acting within the scope of employment. Va. Code Ann. § 8.01-195.3 (West 2013).[6] The United States Court of Appeals for the Fourth Circuit has held that the Virginia Tort Claims Act and Virginia tort law provide adequate post-deprivation remedies for torts committed by state employees. *See Wadhams v. Procunier*, 772 F.2d 75, 77-78 (4th Cir. 1985). Because the availability of a tort action in state court fully satisfies the requirement of a meaningful post-deprivation process, Lord Versatile cannot state a claim for the loss of his property under the Fourteenth Amendment. *See Wilson*, 2012 WL 1895793, at *6-7; *Henderson*, 2008 WL 204480, at *10 n.7. Accordingly, it is RECOMMENDED that Lord Versatile's due process claims be DISMISSED WITH PREJUDICE.

Generally, a Court should dismiss supplementary state law claims if the federal claims are dismissed before trial. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Because the Court recommends dismissing the federal claims for failure to state a claim, it is RECOMMENDED that Lord Versatile's state law claims (Claims 1(b), 2(b), and 3(b)) be DISMISSED WITHOUT PREJUDICE.

---

[6] "[T]he Commonwealth shall be liable for claims for money. . . on account of damage to or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee while acting within the scope of his employment . . . ." Va. Code Ann. § 8.01-195.3 (West 2013).

>Finally, it is RECOMMENDED that the action be DISMISSED WITH PREJUDICE for failure to state a claim and that Lord Versatile's "Motion to Order Defendants to Respond to Civil Complaint" (ECF No. 10 (capitalization corrected)) be DENIED.

(July 9, 2013 Report and Recommendation (alterations and omission in original).) The Court advised Versatile that he could file objections within fourteen (14) days after the entry of the Report and Recommendation. Versatile filed objections.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a de novo review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## III. VERSATILE'S OBJECTIONS

Versatile objects that the Magistrate Judge overlooked his claim that Defendants' actions deprived him of a protected liberty interest. Specifically, Versatile contends:

> The Magistrate Judge is wrong, because Versatile did state in his Complaint: "Plaintiff believes that he has a state created liberty interest in not having his personal property taken, and a liberty interest in being afforded his mandatory rights of due process in the disciplinary process. See (Compl Id. at #1).

(Pl.'s Objs. ¶ 5 (capitalization corrected).) Versatile is wrong. The imposition of a fine fails to implicate a protected liberty interest. *See Whitmore v. Hill*, 456 F. App'x 726, 728–29 (10th Cir. 2012); *Dowd v. New Castle Cnty., Del.*, 739 F. Supp. 2d 674, 683–84 (D. Del. 2010). Moreover, even if prison officials failed to abide by Virginia's prescribed procedure for prison misconduct proceedings, because no liberty interest was implicated, Versatile fails to allege a viable due process claim. *See Doyle v. Okla. Bar Ass'n*, 998 F.2d 1559, 1570 (10th Cir. 1993) (citations omitted) ("The mere expectation of receiving a state afforded process does not itself create an independent liberty interest protected by the Due Process Clause."); *see also Hill v. Jackson*, 64 F.3d 163, 171 (4th Cir. 1995) (citing *Brandon v. District of Columbia Bd. of Parole*, 823 F.2d 644, 648–49 (4th Cir. 1995)). Accordingly, the above objections by Versatile will be overruled.

Next, Versatile contends that he has a liberty interest in avoiding the placement of false charges in his institutional file because such charges "will be used against Versatile in future parole hearings." (Pl.'s Objs. ¶ 10 (capitalization corrected).) The chance that such a charge might impact the decision to grant Versatile release on discretionary parole "is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 487 (1995); *see Cruz v. Musser*, No. 7:05–CV–00662,

7

2005 WL 2991491, at *1–2 (W.D. Va. Nov. 8, 2005). Because Versatile fails to identify any error in the Magistrate Judge's analysis, his objections will be overruled.

Versatile's Motion for Summary Judgment (ECF No. 11) will be denied. The action will be dismissed. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Sept 6, 2013
Richmond, Virginia